**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**LARRY JONES**                                                                                          **PETITIONER**

**v.**                                              **CIVIL ACTION NO. 1:07cv545-LG-RHW**

**LAWRENCE KELLY, Warden**                                                              **RESPONDENT**

<u>**ORDER OF TRANSFER PURSUANT
TO 28 U.S.C. § 1631**</u>

This matter comes before this Court, *sua sponte*, for consideration of transfer.  The Petitioner, an inmate of the Mississippi State Penitentiary, Parchman, Mississippi, filed this request for habeas corpus relief pursuant to 28 U.S.C. § 2254.

The Petitioner was found guilty by a jury of capital murder in the Circuit Court of Harrison County, Mississippi, and was sentenced to death on March 19, 1975.  The Mississippi Supreme Court reversed and remanded the Petitioner's 1975 conviction and sentence.  He was tried in the Circuit Court of Harrison County, Mississippi, on remand and on December 14, 1997, he was once again convicted and sentenced to death.

Eventually, the Petitioner filed for habeas relief in this Court, *Jones v. Thigpen*, 1:81cv109R (S.D. Miss. Feb. 23, 1983), challenging the same conviction as is presently before this Court in the instant habeas petition.  On February 3, 1983, this Court entered a Final Order in civil action number 1:81cv109R which denied the petition for habeas relief as it pertained to the guilt phase of the conviction and vacated the sentence of death resulting in the imposition of a life sentence.  *Id.*  The Respondents filed a notice of appeal on February 4, 1983 and it was assigned appeal number 83-4085 by the United States Court of Appeals for the Fifth Circuit.  The Fifth Circuit then affirmed in part, reversed in part and remanded with instructions.  *Jones v. Thigpen*, 741 F.2d 805 (5th Cir. 1984).  However, the United States Supreme Court granted certiorari and

the judgment of the Fifth Circuit was vacated and remanded. *Thigpen v. Jones*, 475 U.S. 1003 (1986). On remand, the Fifth Circuit corrected its application of *Edmund v. Florida*, 458 U.S. 782 (1982), addressed the Petitioner's other claims of constitutional error in the sentence of the Mississippi court, and affirmed the district court's decision finding ineffectiveness of counsel at the sentencing phase. *Jones v. Thigpen*, No. 83-4085 (5th Cir. May 2, 1986), *reh'g denied*, 795 F.2d 521 (5th Cir. Jul. 31, 1986), *and cert. denied*, 479 U.S. 1087 (Feb. 23, 1987).

A Petitioner who is filing a second or successive motion for habeas relief must first apply to the appropriate Court of Appeals for an order authorizing the District Court to consider the successive motion. 28 U.S.C. § 2244(b)(3)(A). The Petitioner has failed to submit any documentation demonstrating that he has obtained the required authorization from the United States Court of Appeals for the Fifth Circuit to proceed with his cause in this Court. Therefore, this Court has determined that in the interest of justice, this cause should be transferred to the United States Court of Appeals for the Fifth Circuit for a determination whether this successive or second petition should be allowed. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997). Accordingly,

**IT IS HEREBY, ORDERED AND ADJUDGED** that pursuant to 28 U.S.C. § 1631, this petition for habeas corpus relief is transferred to the United States Court of Appeals for the Fifth Circuit.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of this Court is directed to close this case pending the decision of the United States Court of Appeals for the Fifth Circuit.

**SO ORDERED AND ADJUDGED** this the 3rd day of May 2007.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge